IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**JACKIE ROBINSON,**

    Plaintiff,

v.

**COLQUITT EMC, et al.**,

    Defendants.

Civil Action No. 7:13-CV-92 (HL)

**ORDER**

Before the Court is Plaintiff's "Motion for Recusal of Judge Hugh Lawson" (Doc. 35) pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. The motion is denied. Under § 144, when a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against either him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000). A judge should disqualify himself pursuant to § 455 "in any proceeding in which his impartiality might reasonably be questioned" or" "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a), (b)(1). "Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." Christo, 223 F.3d at 1333.

Plaintiff's motion and supporting affidavit do not meet the standard set by either § 144 or § 455. As proof of this Court's supposed bias, Plaintiff points to its denial of his request to force Defendant Colquitt EMC to undertake a search for electronically-stored information ("ESI") that would have cost between $10,000-14,000.[1] To resolve the discovery dispute over the ESI request, the Court held a telephone conference on March 3, 2014, in which Plaintiff and counsel for Defendant participated. According to Plaintiff, at the hearing the "defense attorneys' [sic] did not make any argument, nor did they present any argument, or objection, or any case law to the court." (Affidavit of Bias and Prejudice and Impartiality, Doc. 35-1, ¶4). "The court showed impartiality again helping the defendants by doing their jobs for them, because they never objected or presented case law at the March 3, 2014 hearing." (Id. at ¶13).

The affidavit's assertions are meritless are on their face and contrary to the record. Plaintiff is mistaken in claiming the Defendants "never objected" to the ESI request, because the only reason the Court held the telephone conference at all was to address Defendant's objection to Plaintiff's expensive discovery request. Furthermore, the transcript[2] of the telephone conference shows that defense counsel did make compelling legal arguments why Federal Rule of Civil Procedure 26(b)(2)(B) did not require Defendant to spend thousands of dollars to

---

[1] These figures are taken from an affidavit submitted by Defendant Doug Loftis subsequent to the telephone conference. (Doc. 32-4).

[2] A transcript of the telephone conference may be ordered from the court reporter.

undertake a search that might unearth nothing of relevance; the Court asked Plaintiff to make his argument concerning the discover dispute; Plaintiff did so;[3] and the Court only ruled on the dispute after Plaintiff said he was unwilling to share in the costs of the ESI search. Plaintiff's motion is denied.

      **SO ORDERED**, this the 31st day of March, 2014.

                              *s/ Hugh Lawson*
                              **HUGH LAWSON, SENIOR JUDGE**

scr

---

[3] The Court will observe that it is only required to follow caselaw precedent established by the Supreme Court of the United States and the Eleventh Circuit Court of Appeals, not an order entered by the United States District Court for the Southern District of New York, as in <u>Zubulake v. UBS Warburg LLC</u>, 217 F.R.D. 309 (S.D.N.Y. 2003).